1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROCIO LOPEZ,

             Plaintiff,

     v.

ABBOTT LABORATORIES,

             Defendant.

Case No. 3:22-cv-00421-L-RBB

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

[ECF No. 15]

      Pending before the Court is Defendant's motion to dismiss this false advertising action for failure to state a claim. Plaintiff filed an opposition and Defendant replied. For the reasons which follow, Defendant's motion is denied.

**I.**    **Background**

      Defendant sells baby and toddler food under brand names Similac and PediaSure. The products prominently display a label stating that they are "Non-GMO" with an asterisk to the statement "Ingredients not genetically engineered." Plaintiff alleges that this representation is false with or without the language in the asterisk because the products in fact contain GMO ingredients. She further alleges that she and other consumers purchased Defendant's products at a premium in reliance on the representations made on the label. The operative first amended complaint (ECF no. 11, "Compl."), includes detailed allegations describing Defendant's products and ingredients, product labeling, and explains why the labels are deceptive.

1    Plaintiff alleges violation of California Unfair Competition Law, Cal. Bus. &
2  Prof. Code §§ 17200 *et seq.* ("UCL"); violation of California False Advertising Law,
3  *id.* §§ 17500 *et seq.* ("FAL"); violation of California Consumers Legal Remedies Act,
4  Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"); breach of express warranty; breach of the
5  implied warranty of merchantability; unjust enrichment/restitution; negligent
6  misrepresentation; fraud; and fraudulent misrepresentation.  She alleges California
7  statutory violations on behalf of a putative subclass of California consumers.  The
8  remaining claims are alleged on behalf of a putative nationwide class of consumers,
9  including California subclass.  Plaintiff seeks damages, restitution or other monetary
10  equitable relief, as well as declaratory and injunctive relief.  The Court has federal
11  jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

## II.   Discussion

13    In its Rule 12(b)(6)[1] motion to dismiss Defendant contends that Plaintiff failed
14  to sufficiently allege any of her claims.  A motion under Rule 12(b)(6) tests the
15  sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

16    Dismissal is warranted where the complaint lacks a cognizable legal theory.
17  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).
18  Alternatively, a complaint may be dismissed if it presents a cognizable legal theory yet
19  fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds,*
20  *Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

21    Generally, to plead essential facts a plaintiff must allege only "a short and plain
22  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc.
23  8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The
24  plaintiff must "plead[] factual content that allows the court to draw the reasonable
25  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,
26  556 U.S. 662, 678 (2009).  Plaintiff's allegations must provide "fair notice" of the

---

[1]   All references to Rule or Rules are to the Federal Rules of Civil Procedure.

1   claim being asserted and the "grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S.

2   at 555.

3          In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all

4   factual allegations and construe them most favorably to the nonmoving party. *Huynh*

5   *v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). Legal

6   conclusions need not be taken as true merely because they are couched as factual

7   allegations. *Bell Atl. Corp.*, 550 U.S. at 555. Similarly, "conclusory allegations of law

8   and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v.*

9   *Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

10         Defendant moves for dismissal on several grounds, each of which is addressed

11  in turn below.

12         1.     Sufficiency of the Allegations That the Product Label Was Misleading

13         Defendant maintains that Plaintiff did not sufficiently allege the product label

14  was misleading. The Court disagrees.

15         The standard for determining whether a defendant violated the UCL, FAL, or

16  CLRA by false advertising is essentially the same. *Chapman v. Skype, Inc.*, 220 Cal.

17  App. 4th 217, 230 (2013). UCL prohibits any "unlawful, unfair or fraudulent business

18  act or practice." Cal. Bus. and Prof. Code § 17200. The FAL prohibits any "unfair,

19  deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. The

20  CLRA prohibits "deceptive acts or practices[,]" for example, misrepresenting the

21  source of goods, or representing that goods have characteristics or ingredients they do

22  not have, or representing that the goods are of a particular standard if they are of

23  another. Cal. Civ. Code § 1770(a). "[C]laims under these California statutes are

24  governed by the 'reasonable consumer' test[,]" which requires the plaintiff" to show

25  that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.,*

26  552 F.3d 934, 938 (9th Cir. 2008). "[T]hese laws prohibit not only advertising which

27  is false, but also advertising which, although true, is either actually misleading or

28

-3-

which has a capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002).

One of Plaintiff's theories of false advertising is that although Defendant's product labels prominently state "Non-GMO" and "Ingredients not genetically engineered[,]" they "are in fact loaded with ingredients derived from GM-crops such as corn and soy[.]"[2]  (Compl. ¶ 3; *see also id.* ¶¶ 46, 49.)

One ingredient allegedly present in every product at issue is soy protein in the form of soy protein isolate, which is derived through chemical processing of soybeans.[3]  (*Id.* ¶¶ 46-47.)  Two other common examples are soy oil and soluble corn fiber, also derived by chemical processing from soybeans and corn, respectively.  (*Id.* ¶ 47.)  Plaintiff contends that the soybeans and corn used to manufacture these ingredients are GMO because as of 2021 approximately 94% of soy and 92% of corn grown in the United States were genetically modified.  (*Id.* ¶¶ 16, 31.)  Plaintiff reasons that any ingredients derived from domestically produced corn or soybeans are

---

[2]      Defendant's argument about the distinction between its two qualifiers, "Non-GMO" and "Ingredients not genetically engineered," is primarily directed to the dairy ingredients in Defendant's products.  Because Defendant's motion is disposed on alternative grounds, whether Defendant's labeling is misleading with regard to the dairy ingredients is not addressed in this order.

[3]      To the extent Defendant argues that there is a distinction between "Non-GMO" and "Ingredients not genetically engineered" in the context of non-dairy ingredients (*see* ECF 15-1, "Mot." at 14), the argument is unavailing at the pleading stage. Defendant posits that a reasonable consumer would understand that a product labeled as "Non-GMO" and "Ingredients not genetically engineered" could in fact contain ingredients sourced or derived from genetically engineered plants.  Although "the primary evidence in a false advertising case is the advertising itself[,]" *Brockey v. Moore*, 107 Cal.App.4th 86, 100 (2003), "whether a business practice is deceptive will usually be a question of fact not appropriate for decision at the pleading stage[,]" *William*, 552 F.3d at 938-39.  Defendant's argument is based on exceedingly subtle if not counter-intuitive interpretation of its label.  Accordingly, the Court declines to rule as a matter of law that a reasonable consumer would interpret the label as Defendant does in its motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"highly likely" to be genetically modified.  (*Id.* ¶ 17.)  Defendant argues that these allegations amount to nothing more than guesswork and are therefore insufficient.

At the pleading stage, a plaintiff must provide sufficient factual allegations to show that the pleader is entitled to relief.  *Bell Atl.*, 550 U.S. at 555.  Although "detailed factual allegations" are not required, they must be sufficient to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[,]" *id.*, and must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Iqbal,* 556 U.S. at 678.  However, plaintiffs are generally not expected to provide evidence in support of their claims at the pleading stage, *Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018), *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011), nor are they required to plead the "probability" of their entitlement to relief, *Iqbal*, 556 U.S. at 678.

Plaintiff's allegation that the sources of soy- and corn-based ingredients were genetically engineered crops, based on the fact that nearly all of these crops in the United States are genetically engineered, is sufficient to raise the allegation beyond the speculative level.  Whether Defendant's ingredients were in fact derived from genetically modified crops is a question to be resolved based on evidence rather than pleadings.

Defendant next contends that Plaintiff's allegations of falsity do not meet the heightened pleading requirements of Rule 9(b).  Rule 9(b) requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud[.]"  Rule 9(b) applies to Plaintiff's consumer protection claims because they are grounded in fraud.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125, 1127 (9th Cir. 2009) (applying Rule 9(b) to UCL and CLRA claims).

To meet the heightened pleading requirement of Rule 9(b), Plaintiff's allegations must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have

-5-

done anything wrong." *Vess v. Ciba-Geigy, Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).  "This means the plaintiff must allege the who, what, when, where, and how of the misconduct charged, including what is false or misleading about a statement, and why it is false." *United States ex rel. Swoben v. United HealthCare Ins. Co.*, 848 F.3d 1161, 1180 (9th Cir. 2016).  However, it "does not require absolute particularity or a recital of the evidence." *Id.*

The Complaint identifies specific product labels and the statements on the labels she claims are misleading.  (*See, e.g.,* Compl. ¶¶ 49-61.)  It also explains Plaintiff's theory why the statements are misleading.  (*See, e.g., id.* ¶¶ 16, 17, 31.)  This is sufficient to state with particularity the circumstances constituting fraud.

Accordingly, Plaintiff has sufficiently alleged at least one factual theory in support of her CLRA, FAL, and UCL[4] claims.

2.    Breach of the Implied Warranty of Merchantability

Like the false advertising claims, Plaintiff's claim alleging breach of the implied warranty of merchantability is based on the contention Defendant's products did not conform to the description on the product label.  (Compl. ¶ 121.)  This is a valid theory of breach under California Commercial Code section 2314(2)(f).  ("Goods to be merchantable must be at least such as [¶] [c]onform to the promises or affirmations of fact made on the container label[.]").

3.    Unjust Enrichment and Restitution

Defendant argues that Plaintiff cannot state a claim for unjust enrichment because it is not a standalone cause of action under California law.  Assuming without deciding if Defendant's statement of California law is correct, the argument is insufficient for dismissal at the pleading stage.  In a consumer false advertising action an unjust enrichment claim on the theory alleged here, *i.e.*, that the defendant was

---

[4]    Because Plaintiff has sufficiently alleged CLRA and FAL violations, she has also alleged a UCL violation.  *See Kwikset Corp. v. Super. Ct. (Benson),* 51 Cal.4th 310, 326 (2011) (unlawful business practice).

-6-

unjustly enriched through false and misleading product labeling, the Court may construe the claim as a quasi-contract claim for restitution. *See Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Because Plaintiff adequately alleged that Defendant was unjustly enriched through false advertising, she has sufficiently alleged a quasi-contract claim for restitution. (*See, e.g.,* Compl. ¶¶ 34, 36 & n.34-35, 85, 131-36.)

Defendant next argues that Plaintiff "lacks standing to seek equitable relief" because she did not allege that she lacks an adequate remedy at law, but instead seeks equitable relief in addition to damages. (ECF 15-1, "Mot." at 21.) Defendant's reliance on *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020), in support of this argument is unavailing because *Sonner* is distinguishable.

On the eve of trial after four years of litigation the plaintiff in *Sonner* voluntarily dismissed her CLRA claim for damages in order to avoid the jury and seek the same amount as restitution at bench trial. *Sonner,* 971 F.3d at 837-38. The resulting amended complaint was dismissed because the plaintiff could not show that damages were unavailable to her. *Id.* at 838, 844.

Unlike *Sonner*, this case is at the pleading stage. Rule 8(d)(2) allows the plaintiff to

> set out 2 or more statements of a claim ... alternatively or hypothetically, either in a single count ... or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed. R. Civ. Proc. 8(d)(2). Accordingly, a plaintiff can allege legal and equitable claims in the alternative. *Astiana,* 783 F.3d 753, 762-63.

*Sonner* does not purport to negate this. The plaintiff in *Sonner* moved to amend the complaint to reallege her claim for damages. Denial of leave to amend was affirmed as within the district court's discretion due to the procedural history of the case. *Sonner,* 971 F.3d at 845. Because the instant case is at the pleading stage and not on the eve of trial, Plaintiff can allege legal and equitable claims in the alternative.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.   <u>Negligent Misrepresentation</u>

Defendant argues that Plaintiff's negligent misrepresentation claim is barred by the economic loss rule.  In the sale of goods arena, "[c]onduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal.4th 979, 989 (2004).  One of the circumstances when the economic loss rule does not bar tort damages is "where the contract was fraudulently induced" or "the breach is accompanied by a traditional common law tort, such as fraud[, or] the means used to breach the contract are tortious, involving deceit[.]" *Id.* at 989-90.  Because the gravamen of this action is that Plaintiff was induced to purchase Defendant's products by false or misleading product labeling, Defendant's economic loss argument is rejected.

5.   <u>Claims Based on Purchases Outside of California</u>

Defendant argues that Plaintiff lacks Article III standing to bring claims on behalf of non-California putative class members who purchased Defendant's products outside California and whose claims are asserted under the laws of other states.  "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007) (*en banc*).  To establish Article III standing a plaintiff must allege three elements:

> (1) [the plaintiff] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.. Inc.,* 528 U.S. 167, 180-81 (2000).  Plaintiff alleged that she purchased Defendant's product and paid a premium price based on an allegedly false or misleading product label.  (Compl. ¶¶ 7-8.)  This is sufficient to allege Article III standing at the pleading stage.  *See Briseno v. Conagra Foods, Inc.,* 844 F.3d 1121, 1131 (9th Cir. 2017) ("Class representatives must establish

1    standing by, for example, showing that they bought the product or used the service at

2    issue.").

3        Defendant next maintains that the Court lacks "personal jurisdiction over claims

4    relating to Non-California purchases." (Mot. at 24.) Defendant does not maintain that

5    the Court lacks personal jurisdiction over Plaintiff's own claims. Before a class is

6    certified, the putative class members who purchased Defendant's products outside of

7    California are not yet parties to this case. *See Gibson v. Chrysler Corp.,* 261 F.3d 927,

8    940 (9th Cir. 2001) ("a class action, when filed, includes only the claims of the named

9    plaintiff"). Accordingly, a motion to dismiss their putative claims for lack of personal

10   jurisdiction is premature. *Moser v. Benefytt, Inc.,* 8 F.4th 872, 877-88 (9th Cir. 2021).

11       To the extend Defendant seeks to avoid this issue by asserting the same

12   argument as a motion to strike under Rule 12(f) (*see* Mot. at 24 (citing *Moser,* 8 F.4th

13   at 878 n.2)), the argument is unavailing. Striking class allegations at the pleading stage

14   is appropriate when class certification can be resolved without discovery. *Vinole v.*

15   *Countrywide Home Loans, Inc.,* 571 F.3d 935, 942 (9th Cir. 2009). Defendant has

16   presented no reason why personal jurisdiction issues over out-of-state claims could be

17   resolved on pleadings alone. "[T]he better and more advisable practice for a District

18   Court to follow is to afford the litigants an opportunity to present evidence as to

19   whether a class certification [is] maintainable." *Id.* at 942.

20       Finally, Defendant seeks dismissal of claims based on out-of-state purchases

21   under Rule 8 because Plaintiff does not "identify which state's common law she seeks

22   to invoke." (Mot. at 23.) Plaintiff asserts express warranty, implied warranty of

23   merchantability, unjust enrichment/restitution, negligent misrepresentation, fraud, and

24   fraudulent misrepresentation on behalf of the California subclass and the nationwide

25   class. As discussed above, Plaintiff has alleged sufficient facts under Rules 8(a)(2) and

26   9(b). Beyond these requirements, "[t]he pleadings need not identify any particular

27   legal theory under which recovery is sought." *Crull v. GEM Ins. Co.,* 58 F.3d 1386,

28   1391 (9th Cir. 1995).

1

**III.    Conclusion**

For the reasons stated above, Defendant's motion is denied.

**IT IS SO ORDERED.**

Dated:  March 27, 2023

Hon. M. James Lorenz
United States District Judge